**The TORO COMPANY, a Minnesota corporation, Plaintiff,**

v.

**R & R PRODUCTS CO., an Arizona corporation, Defendant.**

**Civ. No. 3–83–1120.**

United States District Court,
D. Minnesota,
Third Division.

Dec. 10, 1984.

Robert T. Edell, Alan Kowalchyk, Minneapolis, Minn., for plaintiff.

Brian B. O'Neill, Jeff H. Eckland, Minneapolis, Minn., for defendant.

## MEMORANDUM AND ORDER

RENNER, District Judge.

Before the Court are defendant's motions to dismiss: (1) the claims relating to its alleged misappropriation of plaintiff's "proprietary parts numbering systems;" (2) all nonstatutory claims for damages and attorney's fees; and (3) any claims not pleaded with sufficient particularity. Plaintiff moves to dismiss defendant's Sherman Act counterclaim.

## BACKGROUND

Plaintiff the Toro Company ("Toro") manufactures grassmowing equipment. In connection with the manufacture and sale of the equipment, Toro publishes owners manuals and parts catalogues. The catalogues contain parts lists and illustrations of numerous parts in exploded view. Toro identifies these parts using the numbers which are published in the catalogue. Toro alleges its publications are protected by copyright.

Defendant R & R Products Co. ("R & R") manufactures and sells parts for Toro and other manufacturers' equipment. It also publishes catalogues containing illustrations and parts' lists. The catalogues include lists of Toro brand part numbers with cross-references to the R & R brand part numbers. The R & R parts' numbers are identical to the Toro parts' numbers, except that an "R" precedes the number on the R & R brand parts. In addition, some illustrations of parts contained in the R & R catalogues appear identical to the illustrations in some of Toro's publications.

## COPYRIGHT INFRINGEMENT CLAIM

Toro alleges, in part, that R & R infringed Toro's copyrights by reproducing Toro's parts numbering system and by duplicating the part illustrations contained in Toro publications. R & R moves to dismiss the copyright infringement claim as it applies to the Toro part numbering system. In deciding this motion, the Court relies only

upon the pleadings, legal memoranda and arguments of counsel.

Defendant contends that plaintiff's allegations fail to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The standard for failure to state a claim is a stringent one. Such a motion will not be granted:

> [U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

.     .     .     .     .

The question, therefore, is whether in the light most favorable to the plaintiff, the complaint states any valid claim for relief. Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Thomas W. Garland, Inc. v. City of St. Louis,* 596 F.2d 784, 787 (8th Cir.), *cert. denied,* 444 U.S. 899 [100 S.Ct. 208, 62 L.Ed.2d 135] (1979).

In viewing the facts most favorably to plaintiff, the Court assumes that R & R published lists of Toro brand part numbers from Toro's copyrighted works. The Court also assumes that R & R published Toro part numbers for R & R brand parts except that R & R prefaced its own numbers with an "R."

Toro does not object to R & R's duplication of Toro part numbers when used as cross-references to R & R part numbers. In other words, in viewing an R & R catalogue containing two columns of part numbers having the Toro parts on the left and the R & R parts on the right, Toro concedes that R & R may copy the numbers on the left. Toro challenges only copying of the right hand column containing the same numbers but prefaced with an "R."

█ The Copyright Act defines the general subject matter of copyrightable works. 17 U.S.C.A. § 102 (West 1977). In section 102(b), the Act specifically excludes any "process" or "system" from copyright protection, "regardless of the form in which it is described, explained, illustrated, or embodied in such work." *Id.* § 102(b). Toro itself characterizes R & R's alleged misconduct as a misappropriation of its "parts numbering. *system.*" Complaint at ¶ 10 (emphasis added). Since the copyright statute explicitly excepts duplication of a system from copyright protection, Toro cannot state a claim for relief based on such grounds.[1]

The regulations supplementing the copyright statutes further support this result. They provide that a "mere listing of ingredients or contents" is not subject to copyright. 37 C.F.R. § 202.1(a) (1984). R & R's publication of a list of part numbers is analogous to publication of a list of ingredients or contents not protectible by copyright law.

## ANTITRUST COUNTERCLAIM

█ R & R has counterclaimed against Toro for antitrust violations. The substance of the counterclaim follows:

> By the bringing of this action Toro has attempted and is attempting to encumber and control the sale by R & R of uncopyrighted replacement parts, thereby attempting to enlarge and extend a claimed copyright monopoly beyond its legal scope, and restrain and monopolize a part of trade or commerce among the several states, namely, the trade or commerce in such replacement parts, thereby unfairly competing with R & R in violation of 15 U.S.C. § 2. Defendant's Counterclaim at ¶ 25.

The good faith attempt to protect a copyright interest, even if unsuccessful, is a defense to an action for attempted monopolization. *Knickerbocker Toy Co. v. Winterbrook Corp.,* 554 F.Supp. 1309 (D.N.H. 1982). Defendant does not allege that plaintiff has brought this suit in bad faith, or that plaintiff's claims are spurious.

---

**1.** The Court expresses no opinion as to the merit of Toro's copyright claims on infringement of its drawings, nor as to its trademark or unfair competition claims.

Since R & R has conceded duplicating Toro's drawings, it cannot honestly claim that Toro's action is brought in bad faith. Defendant's Memorandum in Support of Motion to Dismiss, or, in the Alternative, for Partial Summary Judgment at 8 n. 1. R & R merely alleges that "[b]y the bringing of this action" Toro violated the antitrust laws.

> [T]he utilization of the courts in a manner which is in accordance with the spirit of the law continues to be exempt from the antitrust laws. *See also Alberto-Culver Company v. Andrea Dumon, Inc.*, 466 F.2d 705 (7th Cir.1972), where it was held that a good faith effort to enforce one's copyright is not the type of exclusionary conduct condemned by § 2 of the Sherman Act. *Edward B. Marks Music Corp. v. Colorado Magnetics, Inc.*, 497 F.2d 285, 291 (10th Cir.1974), *cert. denied*, 419 U.S. 1120, 95 S.Ct. 801, 42 L.Ed.2d 819 (1975).

Absent allegations of bad faith, R & R's counterclaim cannot stand.

Based upon the foregoing, the pleadings, motion papers, and arguments of counsel,

IT IS ORDERED that R & R's motion to dismiss Toro's claims of copyright infringement on Toro's parts numbering system is granted.

IT IS FURTHER ORDERED that R & R's motion to dismiss Toro's other claims is denied.

IT IS FINALLY ORDERED that Toro's motion to dismiss R & R's counterclaim is granted.